## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA
## CIVIL DIVISION

GREGORY DAY,
individually *and on behalf of*
*all others similarly situated*,

       Plaintiff,

v.

FIRST NATIONAL CREDIT
BUREAU, INC.,
a foreign for-profit corporation, and
PINNACLE CREDIT SERVICES, LLC,
a foreign limited liability company,

       Defendants.

_____/

Case No.:

**CLASS REPRESENTATION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

**COMES NOW**, Plaintiff, GREGORY DAY (hereinafter, "Plaintiff")—on behalf of himself and all other similarly situated—by and through the undersigned counsel, and hereby sues Defendants, FIRST NATIONAL CREDIT BUREAU, INC. (hereinafter, "FNCB") and PINNACLE CREDIT SERVICES, LLC (hereinafter, "PCS") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

1.    This is a class-action brought against Defendants for their routine and systematic violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Fair Debt Collection Practices Act, 15 United States Code, Section 1692 *et seq*. (hereinafter, the "FDCPA"). Plaintiff brings this case on behalf of himself individually and on behalf of Classes, as hereinafter defined, of all others similarly situated.

1

2.      Defendants routinely and systematically violate the FCCPA and FDCPA by attempting to collect consumer debts from Class Members, including Plaintiff, through the use of a form debt collection letter (hereinafter, the "Form Debt Collection Letter") and subsequent credit reporting.  Please find attached a true and correct copy of the Form Debt Collection Letter sent by Defendants to Plaintiff labeled as Exhibit "A."

3.      Specifically, Defendants' Form Debt Collection Letter improperly and illegally attempts to collect a consumer debt that is time-barred by the statute of limitations to collect a defaulted consumer debt in the state of Florida.

4.      Further, Defendants' Form Debt Collection Letter affirmatively states that "[b]ecause of the age of your debt…Pinnacle Credit Services, LLC will not report it to any credit reporting agency." *Id*.

5.      Notwithstanding the aforementioned statement made in Defendants' Form Debt Collection Letter, Pinnacle Credit Services, LLC, in fact, does report such time-barred debts to Plaintiff's and Class Members' credit reports—past the date by which they may lawfully do so pursuant to the Fair Credit Reporting Act.

6.      Defendants' Form Debt Collection Letter improperly and illegally attempts to collect consumer debts by asserting legal rights that do not exist and which can reasonably be expected to be abusive and harassing in violation of the FCCPA, Sections (7) and (9) as well as the FDCPA Sections 1692d.

7.      Furthermore, the Form Debt Collection Letter improperly and illegally attempts to collect consumer debts by making false or misleading representations— including misrepresenting the amount or legal status of the debt—and by using deceptive, unfair, or unconscionable means in violation of the FDCPA Section 1692e, e(2)(A), e(10), f, and f(1).

## PARTIES, JURISDICTION & VENUE

8.      Plaintiff is a resident of Pinellas County, Florida.

9.      FNCB is a foreign for-profit corporation existing under the laws of the state of Nevada with its principal place of business located at 610 Waltham Way, McCarran, Nevada 89434.

10.     FNCB regularly conducts business in the state of Florida and within this Judicial Circuit.

11.     FNCB uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection the collection of debts.

12.     FNCB also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13.     PCS is a foreign limited liability company existing under the laws of the state of Minnesota with its principal place of business located at 7900 Highway 7, Suite 200, Minneapolis, Minnesota 55426.

14.     PCS regularly conducts business in the state of Florida and also within this Judicial Circuit.

15.     PCS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection the collection of any debts.

16.     PCS also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.     This class-action complaint alleges Defendants violated the FDCPA and FCCPA thereby conferring subject matter jurisdiction on this Court pursuant to 15 United States Code, Section 1692k(d) and Florida Statutes, Section 559.77(1).

18.     This Court maintains personal jurisdiction over Defendants as Defendants operate, conduct, engage in, or carry on business in the state of Florida in this Judicial Circuit.

19.     In addition, this Court maintains personal jurisdiction over Defendants as Defendants conduct substantial—and not isolated—activity within the state of Florida and this Judicial Circuit, and Defendants intentionally availed themselves of the laws of the state of Florida.

## FACTUAL ALLEGATIONS

20.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by 15 United States Code, Section 1692a(3) as well as Florida Statutes, Section 559.55(2).

21.     At all material times herein, Defendants are each a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(6). *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (finding that buyers of defaulted debts are unequivocally debt collectors under the FDCPA.)

### *Defendants' Form Debt Collection Letter Sent to Plaintiff*

22.     At all material times herein, Defendants attempt to collect a debt from Plaintiff, specifically, a balance allegedly due on a time-barred Verizon Wireless account referenced by account number ending -0001 and reference number ending -1457 (hereinafter, the "Debt").

23.     Plaintiff incurred the Debt for personal, family, or household purposes.

24.     Upon information and belief, the Debt entered a delinquent or default status on or before December 31, 2007.

25.     Therefore, Pursuant to Florida Statutes, Section 95.11(2)(b),[1] no party may legally enforce Plaintiff to pay any alleged obligation on the Debt after December 31, 2012.

26.     Furthermore, pursuant to the Fair Credit Reporting Act, 15 United States Code,

---

[1] The statute of limitation for taking legal action to collect a debt in the state of Florida based upon a contract or written instrument is at most five (5) years from the date of default on the Debt.  Fla. Stat. § 95.11(b)(b).

Sections 1681c(a)(4)[2] and c(c)(1)[3] (hereinafter, the "FCRA"), no party may report the Debt on Plaintiff's consumer credit reports after December 31, 2014.

27.     On or about August 10, 2016, Defendants sent Plaintiff a Form Debt Collection Letter in an attempt to collect the Debt. *Please see attached* a true and correct copy of the Form Debt Collection Letter labeled as Exhibit "A."

28.     Upon information and belief, Defendants also sent Plaintiff other letters regarding the Debt in substantially the same form as the Form Debt Collection Letter attached as Exhibit "A."

29.     Prior to Defendants' attempts to collect the Debt from Plaintiff, PCS acquired the Debt from the original creditor, a debt buyer, or a third-party entity after the Debt entered default status.

30.     Prior to Defendants' attempts to collect the Debt from Plaintiff, PCS assigned the Debt for collection to FNCB after the Debt entered default status.

31.     Despite Defendants' lacking the ability or right to legally enforce the Debt after December 31, 2012,[4] Defendants' Form Debt Collection Letter states a balance due on the Debt owed by Plaintiff in the amount of $186.00. *Id.*

32.     Further, Defendants' Form Debt Collection Letter states "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, [PCS] will not sue you for it, and [PCS] *will not report it to any credit reporting agency.*" (emphasis added). *Id.*

---

[2] "Except as authorize under subsection (b), no consumer reporting agetncy may make any consumer report containing any of the following items of information:…(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4).

[3] "The 7-year period referred to in apragraphs (4) and (6) of subsection (a) shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charged to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

[4] *See* ¶ 16 and FN 1, *supra.*

33.     The Form Debt Collection Letter, however, does not state that because of the age of the Debt, PCS *cannot* sue Plaintiff; rather, Defendants state that PCS is simply making a choice (i.e., PCS *will not* sue Plaintiff for the Debt).

34.     Defendants' Form Debt Collection Letter also advises "[i]n many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay." *Id*.

35.     Moreover, Defendants' Form Debt Collection Letter offers a 70% discount settlement offer payable in two installments of $55.80 each. *Id*.

36.     Defendants' Form Debt Collection Letter included neither the date of transactions giving rise to the Debt nor the original date of delinquency or default.

37.     On or about September 1, 2016, Plaintiff obtained a copy of his Equifax Information Services, LLC (hereinafter, "Equifax") credit report and obtained a copy of his Trans Union, LLC (hereinafter, "TransUnion") credit report generated by Credit Karma.  Please see attached true and correct copies of said Equifax and TransUnion credit reports generated by Credit Karma, labeled as Exhibits "B" and "C," respectively.

38.     Despite Defendants' lacking the ability or right to report the Debt on Plaintiff's consumer credit reports after December 31, 2014[5]—and despite Defendants' assertions to the contrary in the Form Debt Collection Letter—PCS nonetheless negatively reported the Debt on Plaintiff's Equifax and Trans Union credit reports.  *See* Exhibits "B" and "C."

39.     Also, despite the time-barred status of the Debt, PCS reported the Debt as "Open," past due and owing with a balance, and with an Opened Date of August 28, 2014 on Plaintiff's

---

[5] *See* ¶ 26 and FN 2-3, *supra*.

Equifax and Trans Union credit reports. *Id.*

40.     Pursuant to the FCRA and as described above, however, Defendants cannot legally enforce the Debt after December 31, 2012[6], and Defendants cannot report the Debt on Plaintiff's credit reports after December 31, 2014[7].

41.     Defendant maintains the policy and practice of sending the Form Debt Collection Letter, seeking to collect the Debt without informing the consumer of the date of the transactions giving rise to the claimed debt, the date of the original delinquency or default date of the claimed debt, and the latest possible date that Defendant could report the Debt on Plaintiff's credit reports.

42.     Defendants also maintain the policy and practice of sending the Form Debt Collection Letter, offering to settle time-barred debts while falsely asserting that Defendant PCS will not report the Debt to any credit reporting agency.

43.     Defendants made such false assertions in order to induce Plaintiff into paying the settlement offer on the Debt.

### Defendant's Form Debt Collection Letter Deceives and Harasses Consumers

44.     By asserting that PCS will *not* report the alleged outstanding Debt on Plaintiff's credit reports due to the age of the Debt, and then subsequently reporting the Debt on Plaintiff's credit reports in direct contradiction of both the statements included in the Form Debt Collection letter and the FCRA, Defendants purport to offer a benefit to Plaintiff, namely, that Defendant will cease reporting the debts negatively on Plaintiff's credit reports after receiving full payment on the Debt.

45.     Moreover, Defendants purposefully and consciously informed Plaintiff that PCS would *not* report the Debt on Plaintiff's credit reports—and then subsequently reported the Debt

---

[6] *See* ¶ 25 and FN 1, *supra.*
[7] *See* ¶ 26 and FN 2-3, *supra.*

on Plaintiff's credit reports—in an attempt to abuse and harass Plaintiff into paying the time-barred Debt or face ongoing, unlawful, derogatory reporting with respect to the Debt.

46.     Defendants engage in the aforementioned practice so as to gain a competitive advantage over other debt collectors in the marketplace who either did not mislead, abuse, and harass consumers by reporting derogatory account information beyond the applicable time limit imposed by the FCRA in direct contradiction of the statements made in its debt collection letters, or do not assert the legal right to report the debt as unpaid on debtors consumer credit reports past the seven (7) year time limit stipulated by the FCRA.

47.     Defendants' Form Debt Collection Letter, when coupled with Defendant's subsequent unlawful reporting of the time-barred Debt, misled Plaintiff as to the true legal status of the Debt Defendants sought to collect.

48.     Defendants continues to attempt to collect the Debt directly from Plaintiff in violation of the FCCPA and the FDCPA.

49.     Defendants' conduct, as described above, constitutes a knowing, willful, and continuing violations of Plaintiff's rights as enumerated under federal and state law.

50.     Given Defendants' conduct, and their apparent intention and ability to continue to collect the Debt from Plaintiff in violation of the FCCPA and FDCPA, Plaintiff possesses no adequate remedy at law.

51.     Plaintiff retained the law firm of Leavengood, Dauval, Boyle & Meyer, P.A. as counsel for the purposes of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

52.     Title 15, United States Code, Section 1692k provides for an award of up to $1,000.00 in statutory damages, and an award of attorneys' fees and costs to Plaintiff, should

Plaintiff prevail in this matter in this action against Defendants.

53.    Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

54.    Any and all necessary conditions precedent to bring this action occurred, or Defendant waived or excused the same.

## CLASS ACTION ALLEGATIONS

55.    Defendant routinely and systematically attempts to collect consumer debts from Plaintiff and Class Members through the use of the Form Debt Collection Letter, which has been attached hereto as **Exhibit "A."**

56.    Pursuant to Florida Rule of Civil Procedure 1.220, Plaintiff brings this class action on behalf of himself and all others similarly situated who are members of one or both of the following classes defined herein:

*FDCPA Statutory Damages Class*

All consumer debtors who received from Defendants, sent in connection with the collection of a consumer debt, or in an attempt to collect a debt, a form letter in substantially the same form as the Form Debt Collection Letter attached as Composite Exhibit A to the Complaint, to an address in Florida, where such improper collection activity took place or is continuing to take place within a one-year period of time prior to the filing of this Complaint and up through the present date (hereinafter, "FDCPA Statutory Damages Class" or "FDCPA Statutory Damages Class Members").

*FCCPA Statutory Damages Class*

All consumer debtors who received from whom Defendants, sent in connection with the collection of a consumer debt, or in an attempt to collect a debt, a form letter in substantially the same form as the Form Debt Collection Letter attached as Composite Exhibit A to the Complaint, to an address in Florida, where such improper collection activity took place or is continuing to take place within a two-year

period of time prior to the filing of this Complaint and up through the present date (hereinafter, "FCCPA Statutory Damages Class" or "FCCPA Statutory Damages Class Members").

*FDCPA Actual Damages Sub-Class*

All persons who are members of the FDCPA Statutory Damage Class who, by virtue of Defendants' improper conduct in collecting or attempting to collect a consumer debt by reporting the debt on a consumer credit report beyond the applicable statute of limitations while simultaneously asserting that Defendants would not report such debts on consumer credit reports, incurred actual damages through paying any portion of the time-barred debt, who incurred higher interest rates or less favorable terms on consumer loans and other consumer transactions as a result of Defendants' erroneous reporting of consumer debts, or who incurred attorneys' fees or costs in responding to Defendants' Form Debt Collection Letter regarding the debts, (i.e., actual damages) within a one-year period of time prior to the filing of this Complaint and up through the present (hereinafter, "FDCPA Actual Damages Sub-Class" or "FDCPA Actual Damages Sub-Class Members").

*FCCPA Actual Damages Sub-Class*

All persons who are members of the FCCPA Statutory Damages Class who, by virtue of Defendants' improper conduct in collecting or attempting to collect a consumer debt by reporting the debt on a consumer credit report beyond while simultaneously asserting that Defendants would not report such debts on consumer credit reports, incurred actual damages through paying the debt or any portion of the debt, who incurred higher interest rates or less favorable terms on consumer loans and other consumer transactions as a result of Defendants' erroneous reporting of consumer debts, or who incurred attorneys' fees or costs in responding to Defendant's Form Debt Collection Letter regarding the debts, (i.e., actual damages) within a two-year period of time prior to the filing of this Complaint and up through the present (hereinafter, "FCCPA Actual Damages Sub-Class" or "FCCPA Actual Damages Sub-Class Members").

57.    Excluded from the FDCPA and FCCPA Statutory Damage Classes and the FDCPA and FCCPA Actual Damages Sub-Class (collectively "Classes" or "Class Members") are all directors, officers, agents, and employees of Defendants and the courts to which this case may be assigned.  Also excluded from the Classes are the Judge, members of the Judge's staff, and the

Judge's immediate family members.

58.    All recipients of the Form Debt Collection Letter, namely Plaintiff and Class Members, are victims of the same improper conduct and unlawful collection attempts by Defendant.

59.    Defendants' Form Debt Collection Letter:

a.    Harasses, oppresses, or abuses Plaintiff and Class Members into paying their respective Debts by asserting to Plaintiff and Class Members that Defendants would not report such debts on consumer credit reports due to the age of such debts despite Defendants simultaneously or subsequently attempting to collect such debts by reporting the debts on consumer credit reports in direct contradiction of Defendants' own statements and by reporting the debts beyond the applicable seven (7) year time limit as provided by the FCRA;

b.    asserts a legal right that does not exist by asserting to Plaintiff and Class Members in an attempt to collect the Debts that Defendants would not report such debts on consumer credit reports due to the age of such debts despite Defendants simultaneously or subsequently attempting to collect such debts by reporting the Debts on consumer credit reports in direct contradiction of Defendants' own statements and by reporting the debts beyond the applicable seven (7) year time limit as provided by the FCRA;

c.    is false, deceptive, and misleading, and use false representations and deceptive means in collecting the Debts by asserting to Plaintiff and Class Members that Defendants would not report such debts on consumer credit reports due to the age of such debts despite Defendant simultaneously or subsequently attempting to collect such debts by reporting the debts on consumer credit reports in direct contradiction of Defendant's

own statements and by reporting the debts beyond the applicable seven (7) year time limit as provided by the FCRA; and

       d.     uses unfair or unconscionable means of collecting Plaintiff's and Class Members' respective Debts by asserting to Plaintiff and Class Members that Defendants would not report such debts on consumer credit reports due to the age of such debts despite Defendants simultaneously or subsequently attempting to collect such Debts by reporting the debts on consumer credit reports in direct contradiction of Defendants' own statements and by reporting the debts beyond the applicable seven (7) year time limit as provided by the FCRA;

       e.     is false, deceptive, or misleading, and uses false representations and deceptive means in collecting the respective Debts from Plaintiff and Class Members by asserting it was their choice to not sue to collect the debt, when in actuality, Defendants could not lawfully sue Plaintiff and Class Members to collect the Debts;

       f.     uses unfair or unconscionable means of collecting Plaintiff's and Class Members' respective Debts by intimating it was Defendants' choice not to sue Plaintiff and Class Members to collect the Debt, when in actuality, Defendants could not lawfully sue Plaintiff and Class Members to collect the Debts;

       g.     is false, deceptive, or misleading, and uses false representations and deceptive means in collecting the respective Debts from Plaintiff and Class Members by asserting that only *certain* payments on the Debts may renew the Debts and start again the time period for Defendants filing a lawsuit to collect the Debts in a Florida Court; and

       h.     uses unfair or unconscionable means of collecting Plaintiff's and Class Members' respective Debts by asserting that only *certain* payments on the Debts may

renew the Debts and start again the time period for Defendants filing a lawsuit to collect the Debts in a Florida Court;

60.     This action is properly brought as a class action under Rule 1.220, Florida Rules of Civil Procedure, for the following reasons:

a.     Each Class consists of likely thousands of persons, so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.     There are questions of law and fact common to all Class Members relating to Defendants' actions regarding the Form Debt Collection Letter and subsequent credit reporting in an attempt to collect the Debts, which questions predominate over any question affecting only individual Class Members, including:

i.     Whether the Defendants, through the use of its Form Debt Collection Letter and subsequent credit reporting in an attempt to collect the Debts, engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff and Class Members into paying consumer debts;

ii.     Whether the Defendants, through the use of its Form Debt Collection Letter and subsequent credit reporting in an attempt to collect the Debts, asserted a legal right that does not exist;

iii.     Whether Defendants used false, deceptive, or misleading means or representations in its collection of the Debts from Plaintiff and Class Members;

iv.     Whether Defendants used unfair or unconscionable means in its collection of the Debts from Plaintiff and Class Members;

v.     Whether Plaintiff's and Class Members' Debts could be reported on Plaintiff's and Class Members' consumer credit reports, in an attempt to collect the

13

Debts, beyond the applicable time limitation pursuant to the FCRA;

vi.     Whether PCS's reporting of the Debts on Plaintiff's and Class Members' credit reports was an attempt to collect the Debts;

vii.     Whether Plaintiff and Class Members are entitled to statutory damages as a result of Defendants' unlawful debt collection practices described herein and in what amount;

viii.     Whether Plaintiff and Class Members are entitled to actual damages as a result of Defendants' unlawful debt collection practices described herein and in what amount;

ix.     Whether Plaintiff and Class Members are entitled to costs and attorneys' fees in bringing this action, and if so, in what amount; and

x.     Whether Plaintiff and Class Members are entitled to declaratory and injunctive relief.

61.     Defendants acted, or refused to act, on grounds generally applicable to Class Members in that Defendants engaged in a routine and systematic course of conduct, namely the utilization of the Form Debt Collection Letter and subsequent unlawful credit reporting in a attempt to collect the Debts, which harasses, oppresses, or abuses Plaintiff and Class Members, asserts a legal right that does not exist, uses false and deceptive means in collecting debts, and uses unfair or unconscionable representations or means to attempt to collect debts from Plaintiff and Class Members.

62.     Declaratory relief is appropriate with respect to the Class Members as a whole as a result of Defendants' routine and systematic course of conduct.

63.     Injunctive relief is appropriate with respect to Class Members as a result of

Defendants' apparent and present intention and ability to continue to collect debts in the state of Florida via unlawful means as described above.

64.    Plaintiff's claims are typical of the claims of the proposed Class Members, given the uniform nature and use of the Form Debt Collection Letter and unlawful credit reporting in an attempt to collect the Debts, and the common legal and factual issues of whether sending the Form Debt Collection Letter to Plaintiff and Class Members in an attempt to collect the Debts (and their receipt of the same) while simultaneously or subsequently reporting the debts on Plaintiff's and Class Members' credit reports beyond the applicable time limitation pursuant to the FCRA violates the FDCPA and/or FCCPA.

65.    More specifically, Defendants' Form Debt Collection Letter and the subsequent credit reporting in an attempt to collect the Debts can be analyzed to assess whether Defendants (a) abused, oppressed, or harassed Plaintiff and Class Members into paying consumer Debts; (b) made and false or misleading representations generally or made any false or misleading representations; (c) used false and deceptive means to collect the debts, or (d) attempted to collect debts from Plaintiff and Class Members in an unfair and unconscionable manner, all in violation of Plaintiff's and Class Members' rights under the FDCPA.

66.    Similarly, Defendants' Form Debt Collection Letter and the subsequent credit reporting in an attempt to collect the Debts can be analyzed to assess whether Defendant abused, oppressed, or harassed Plaintiff and Class Members into paying consumer Debts, and whether Defendants falsely asserted a legal right that does not exist in violation of Plaintiff's and Class Members' rights under the FCCPA.

67.    Plaintiff is a member of the Classes and is committed to prosecuting this action. Plaintiff gathered and reviewed all relevant documents necessary for filing this case and will

continue to proactively participate in this class litigation and is committed to thoroughly reviewing documents, asking questions and following the counsel of his lawyers for the benefit of the Classes he seeks to represent.  Plaintiff will fairly and adequately protect the interests of Class Members.

68.    Adjudication of this case on a class-wide basis is manageable by this Court. Plaintiff and Class Members received the Form Debt Collection Letter throughout the state of Florida.  Plaintiff's and Class Members' rights as they relate to the Form Debt Collection Letter are the same or are so similar as to be legally and factually indistinguishable in all material aspects. As a result, it will not be difficult for the Court or jury to determine whether Defendants violated the FDCPA and FCCPA.  This Court is an appropriate forum for this dispute.

69.    Plaintiff retained attorneys as counsel who are competent and experienced in consumer, class action, and complex litigation.  More specifically, Plaintiff retained a firm with attorneys with specific experience in certifying class actions at the trial court level, defending certified classes on appeal, and assisting class representatives with all aspects of class action litigation as well as significant experience in handling bankruptcy matters, including one member who is board certified in consumer bankruptcy law.  Plaintiff's and Class Members' counsel will fairly and adequately represent Plaintiff and the interests of the Class Members.

70.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a.    given the size of the proposed Classes, individual joinder of each Class Member's FDCPA and FCCPA claims is impracticable;

b.    given the relatively small damages—both statutory and actual—suffered by individual Class Members, as well as the unlikelihood that many Class Members will know their federal and state rights have been violated, most Class Members possess little ability

to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

  c.  after Defendants' liability is adjudicated, claims of all Class Members can be determined by the Court;

  d.  this action will cause an orderly and expeditious administration of Class Members' claims, and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured;

  e.  other available means of adjudicating the claims of Plaintiff and Class Members—likely thousands of individual actions brought separately and pursued independently in courts throughout the state of Florida—are impracticable and inefficient;

  f.  without a class action, Class Members will continue to suffer damages and Defendants' violations of law will proceed without remedy while they continue their unlawful debt collection activities; and

  g.  this action presents no difficulties that would preclude management by the Court as a class action.

71.  This action is properly brought as a class action under Rule 1.220 for the following reasons:

  a.  The Classes each consist of hundreds or possibly thousands of persons, making the members of each Class so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

  b.  There are questions of law and fact common to the members of the Classes, which questions predominate over any question affecting only individual members of the Classes. The predominant questions of law and fact include:

17

i.      Whether Defendants' Form Debt Collect Letter and the subsequent credit reporting in an attempt to collect the Debts abuses, oppresses, or harasses Plaintiff and Class Members into paying consumer Debts in violation of the FDCPA, Section 1692d;

ii.     Whether Defendants violated the FDCPA when they used false representations and deceptive means in the Form Debt Collection Letter and the subsequent credit reporting in an attempt to collect the Debts, as further discussed above, in violation of the FDCPA, Sections 1692e and e(10);

iii.    Whether Defendants' use of the Form Debt Collection Letter, and the subsequent credit reporting in an attempt to collect the Debts, is an unfair or unconscionable means of attempting to collect debts in violation of the FDCPA, Section 1692f;

iv.     Whether Defendants' Form Debt Collect Letter, and the subsequent credit reporting in an attempt to collect the Debts, abuses, oppresses, or harasses Plaintiff and Class Members into paying consumer debts in violation of Florida Statutes, Section 559.72(7);

v.      Whether Defendant's Form Debt Collection Letter, and the subsequent credit reporting in an attempt to collect the Debts, asserts the existence of a legal right that Defendant knew did not exist in violation of Florida Statutes, Section 559.72(9);

vi.     Whether Plaintiff and Class Members are entitled to statutory damages as a result of Defendants' unlawful debt collection practices described herein and in what amount;

18

vii.    Whether Plaintiff and Class Members are entitled to actual damages as a result of Defendants' unlawful debt collection practices described herein and in what amount;

viii.    Whether Plaintiff and Class Members are entitled to declaratory and injunctive relief pursuant to the FCCPA; and,

ix.    Whether Plaintiff and Class Members are entitled to costs and attorneys' fees, and if so, in what amount.

**COUNT ONE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
<u>**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692d**</u>

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

72.    Defendants are subject to, and violated the provisions of, 15 United States Code, Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff and Class Members in connection with collecting consumer debts.

73.    Specifically, Defendants' Form Debt Collection Letter asserted that Defendant would not report the debt on Plaintiff's and Class Members' consumer credit reports due to the age of the Debt.

74.    Despite the assertions Defendants made in the Form Debt Collection Letter, Defendant PCS subsequently negatively reported the respective Debts on Plaintiff's and Class Members' credit reports in direct contradiction of the assertions made in the Form Debt Collection Letter and beyond the applicable time period to lawfully report such consumer debts pursuant to the FCRA.

75. Moreover, Defendants implicitly but falsely asserted in collect the Debts that Defendants could continually report negative information regarding the underlying debts on Plaintiff's and Class Members' credit reports until the debts were paid in full. Defendants knew they could not report the debts beyond the applicable time limit to report delinquent debts pursuant to the FCRA.

76. Further, Defendants'

77. Defendants' conduct served no purpose other than to annoy, oppress, and harass Plaintiff and Class Members into paying the Debt, as Defendants advised Plaintiff and Class Members of Defendant's inability to report debts on consumer credit reports, and simultaneously attempted to collect such debts by reporting such debts on Plaintiff's and Class Members' credit reports.

78. As a direct and proximate result of Defendants' actions, Plaintiff and FDCPA Statutory Class Members sustained damages as defined by and provided for under 15 United States Code, Section 1692k, and FDCPA Actual Damages Sub-Class Members also incurred actual damages from paying such debts and/or incurring costs and legal fees to deal with Defendants' attempts to collect debts through the Form Debt Collection Letter.

### COUNT TWO:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1692e and e(10)

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

79. Defendants are subject to, and violated the provisions of, 15 United States Code Section 1692e and e(10) by using false, deceptive, or misleading means or representations in attempting to collect consumer debts.

80.    Specifically, Defendants' Form Debt Collection Letter falsely asserts that Defendant PCS would not report the debt on Plaintiff's and Class Members' consumer credit reports due to the age of their Debts; however Defendant PCS did in fact subsequently negatively report the Debts on Plaintiff's and Class Members' consumer credit reports despite the applicable statute of limitations under the FCRA barring Defendant from reporting such debts.

81.    Defendants' actions, as described herein, constitutes an unlawful attempt to deceive and mislead Plaintiff and Class Members into paying their Debts to receive the purported benefit of removing negative credit reporting information regarding the Debts after Defendant could no longer lawfully report such Debts by law and after Defendants asserted that they would not report such Debts.

82.    Further, Defendants falsely, deceptively, and misleadingly used false representations and deceptive means in collecting the respective Debts from Plaintiff and Class Members by asserting it was their choice to not sue to collect the debt, when in actuality, Defendants could not lawfully sue Plaintiff and Class Members to collect the Debts.

83.    Also, Defendants falsely, deceptively, and misleadingly used false representations and deceptive means in collecting the respective Debts from Plaintiff and Class Members by asserting that only *certain* payments on the Debts may renew the Debts and start again the time period for Defendants filing a lawsuit to collect the Debts in a Florida Court; and

84.    Overall, Defendants' actions in sending the Form Debt Collection Letter to Plaintiff and Class Members, and then subsequently negatively credit reporting such Debts, as alleged herein constitutes the use of false, deceptive, and/or misleading representations or means in attempting to collect Plaintiff's and Class Members' respective debts.

85.     As a direct and proximate result of Defendants' actions, Plaintiff and FDCPA Statutory Class Members sustained damages as defined by and provided for under 15 United States Code, Section 1692k, and FDCPA Actual Damage Sub-Class Members also incurred actual damages from paying such debts and/or incurring costs and legal fees to deal with Defendants' attempts to collect debts through the Form Debt Collection Letter.

**COUNT THREE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692f**

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

86.     Defendants are subject to, and violated the provisions of, 15 United States Code, Section 1692f by using the Form Debt Collection Letter to collect the Debts by using generally unfair or unconscionable means.

87.     More specifically, Defendants' Form Debt Collection Letter falsely asserts that Defendant PCS would not report the debt on Plaintiff's and Class Members' consumer credit reports due to the age of the Debt; however, Defendant PCS did in fact subsequently negatively report the Debts on Plaintiff's and Class Members' consumer credit reports despite the applicable statute of limitations under the FCRA barring Defendant from lawfully reporting such Debts.

88.     Further, Defendants used unfair or unconscionable means of collecting Plaintiff's and Class Members' respective Debts by intimating it was Defendants' choice not to sue Plaintiff and Class Members to collect the Debt, when in actuality, Defendants could not lawfully sue Plaintiff and Class Members to collect the Debts.

89.     Moreover, Defendants used unfair or unconscionable means when collecting Plaintiff's and Class Members' respective Debts by asserting that only *certain* payments on the

22

Debts may renew the Debts and start again the time period for Defendants filing a lawsuit to collect the Debts in a Florida Court.

90.    Defendants' actions, as described herein, constitute an unlawful attempt to unfairly and unconscionably collect the Debts from Plaintiff and Class Members as Defendant PCS subsequently negatively reported the Debts in direct contradiction of the statements included in the Form Debt Collection Letter.   Further, Defendant' Form Debt Collection Letter makes Plaintiffs and Class Members believe that the negative reporting information would only be removed once the total outstanding balance on the debts were paid.

91.    As a direct and proximate result of Defendants' actions, Plaintiff and FDCPA Statutory Damage Class Members sustained damages as defined by, and provided for under, 15 United States Code, Section 1692k; and FDCPA Actual Damage Sub-Class Members also incurred actual damages from paying such debts and/or incurring costs and legal fees to deal with Defendants' attempts to collect debts through the use of the Form Debt Collection Letter.

**COUNT FOUR:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)</u>**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

92.    Defendants are subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff and Class Members through means which can reasonably be expected to abuse or harass Plaintiff and Class Members.

93.    Specifically, Defendants' Form Debt Collection Letter asserted that Defendant PCS would not report the Debts on Plaintiff's and Class Members' consumer credit reports due to the age of the Debts.

94.     Despite the assertions Defendants made in its Form Debt Collection Letter, Defendant PCS subsequently negatively reported the Debts on Plaintiff's and Class Members' credit reports in direct contradiction of the assertions made in the Form Debt Collection Letter and beyond the applicable time period to report such consumer debts pursuant to the FCRA.

95.     Moreover, Defendants implicitly and falsely asserted that Defendant PCS could continually report negative information regarding the respective Debts on Plaintiff's and Class Members' credit reports until the Debts were paid in full.  Defendants, however, knew Defendant PCS could not report the Debts beyond the applicable time limit to lawfully report the Debts pursuant to the FCRA.

96.     Also, Defendants abused and harassed Plaintiff and Class Members when collecting Plaintiff's and Class Members' respective Debts by asserting that only *certain* payments on the Debts may renew the Debts and start again the time period for Defendants filing a lawsuit to collect the Debts in a Florida Court.

97.     Further, Defendants harassed and abused Plaintiff and Class Members when collecting Plaintiff's and Class Members' respective Debts by intimating it was Defendants' choice not to sue Plaintiff and Class Members to collect the Debt, when in actuality, Defendants could not lawfully sue Plaintiff and Class Members to collect the Debts.

98.     Defendants' conduct served no purpose other than to annoy, oppress, and harass Plaintiff and Class Members into paying the Debts, as Defendants advised Plaintiff and Class Members of Defendant PCS's inability to report Debts on consumer credit reports, and simultaneously attempted to collect such Debts by negatively reporting such Debts on Plaintiff's and Class Members' credit reports.

99.     Defendants' willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

100.    As a direct and proximate result of Defendants' actions, Plaintiff and FCCPA Class Members are entitled to statutory damages as defined by Florida Statutes, Section 559.77, actual damages, as well as attorneys' fees and costs.

**COUNT FIVE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

101.    Defendants are subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by collecting debts from Plaintiff and Class Members by asserting the existence of a legal right with knowledge that such right does not exist.

102.    Specifically, Defendants' Form Debt Collection Letter asserted that Defendant PCS would not report the respective Debts on Plaintiff's and Class Members' consumer credit reports due to the age of the Debts.

103.    Despite Defendants' assertions made in the Form Debt Collection Letter, Defendant PCS subsequently asserted the legal right to negatively report the Debts on Plaintiff's and Class Members' credit reports in direct contradiction of the statements included in the Form Debt Collection Letter until the Debts were paid in full.  Defendants knew Defendant PCS could not report the debts beyond the applicable time limit to report delinquent debts pursuant to the FCRA.

104.    Further, Defendants falsely asserted to Plaintiff and Class Members that only *certain* payments on the Debts may renew the Debts and start again the time period for Defendants filing a lawsuit to collect the Debts in a Florida Court.

105.    As a direct and proximate result of Defendants' actions, Plaintiff and FCCPA Class Members are entitled to statutory damages as defined by Florida Statutes, Section 559.77, actual damages, as well as attorneys' fees and costs.

### COUNT SIX:
### DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

106.    Unless Defendants are immediately enjoined from continuing to attempt to collect the Debts from Plaintiff and Class Members in violation of the FCCPA and FDCPA, Plaintiff and Class Members will suffer irreparable injury.

107.    Plaintiff and Class Members possess no adequate remedy at law.

108.    Plaintiff and Class Members possess a clear legal right to the protections of the FCCPA and FDCPA regarding Defendants' unfair, deceptive, and violative consumer collection practices.

109.    Furthermore, at all material times herein, by virtue of the business relationships between the parties, Defendants owed a duty to the public and to all parties with it communicated to accurately and completely convey information in all matters, and specifically about Plaintiff's and Class Members' respective rights under the FCCPA and FDCPA, and Defendant's inability to continue to report the Debts on Plaintiff's and Class Members' consumer credit reports beyond the time limit lawfully allowed pursuant to the FCRA.

110.    Defendants breached the above-referenced duties by making false, deceptive, misleading, and incorrect statements in the Form Debt Collection Letter and subsequent unlawful credit reporting.

111.    Given Defendants' conduct and their apparent intention and ability to continue to collect the Debts directly from Plaintiff and Class Members in violation of said debt collection laws, Plaintiff and Class Members possess no adequate remedy at law.

112.    Plaintiff and Class Members need and are entitled to injunctive relief.

113.    The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and Class Members and will not adversely affect the public welfare.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and Class Members respectfully request the following relief:

a.    An Order certifying the Classes requested herein, appointing Plaintiff as class representative to act on behalf of the Classes and appointing his attorneys as counsel for the Classes;

b.    Declaring that communications, such as in the Form Debt Collection Letter, violate the FCCPA and FDCPA;

c.    Declaring that Defendants violated the FCCPA;

d.    Awarding maximum statutory damages allowed under the FCCPA;

e.    Awarding maximum statutory damages allowed under the FDCPA;

f.    Awarding actual damages, allowed under both the FDCPA and the FCCPA;

g.    Ordering injunctive relief, including an Order permanently enjoining Defendants from further engaging in the same debt collection activities in violation of the FCCPA and FDCPA, namely the continued use of the Form Debt Collection Letter in

conjunction with subsequent unlawful credit reporting;

    h.    Awarding Plaintiff and Class Members attorneys' fees and costs; and

    i.    Any other such relief the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable by right.

**SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendants and demands that Defendants and its affiliates safeguard all relevant evidence—paper, electronic documents or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*

**[X] Ian R. Leavengood, Esq., FBN 0010167**
**☐ Aaron M. Swift, Esq., FBN 0093088**
**☐ Gregory H. Lercher, Esq., FBN 0106991**
**☐ Sara W. Severini, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sseverini@leavenlaw.com
*Attorneys for Plaintiff and Class Members*